**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 98-30846
_____

IN RE: IRVING REINGOLD,

                                          Petitioner.

_____

On Petition for Writ of Mandamus to the United States
District for the Western District of Louisiana
(94-CV-2285)
_____

August 28, 1998

BEFORE DAVIS, WIENER and STEWART, Circuit Judges.

PER CURIAM:[*]

The plaintiff in this action, Irving Reingold, filed this
petition for mandamus seeking an order overturning the district
court's ruling excluding  Mr. Reingold's video deposition from the
upcoming trial.   Petitioner also challenges certain discovery
rulings of the district court.

                        BACKGROUND

Petitioner originally filed suit in December 1994, alleging
claims arising out of a contract between Petitioner and Defendant,
Swiftships,  Inc.,  under  which  Petitioner  leased  a  90  foot

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fiberglass vessel mold to Defendant. The complaint alleged breach of contract, conversion, misappropriation of a trade secret pursuant to the Louisiana Uniform Trade Secrets Act ("LUTSA"), and deceptive trade practices pursuant to the Louisiana Unfair Trade Practices Act ("LUTPA"). The district court, without comment, granted summary judgment to the Defendant on the claims under LUTSA and LUTPA. That decision was appealed to this Court. This Court overturned the partial grant of summary judgment and the two dismissed counts were reinstated and the case was remanded to the district court. Reingold v. Swiftships, Inc., 126 F.3d 645 (5th Cir. 1997).

In 1995, prior to the grant of summary judgment, Swiftships had taken the deposition of the Plaintiff, Irving Reingold. Both parties were able to examine Mr. Reingold, apparently extensively. This first deposition contains over 300 pages of testimony.

During the summer of 1998, Mr. Reingold's health deteriorated rapidly as his heart began to fail. When it became clear that he would not survive to testify at trial, his counsel requested permission to depose Mr. Reingold on video for the purpose of creating a perpetuation deposition. After a series of motions and scheduling changes, Mr. Reingold, by then very ill, was deposed on video on July 24, 1998. This perpetuation deposition took place at Mr. Reingold's home in Florida in the presence of attorneys from both sides.

At the time Mr. Reingold's deposition was taken, he was on

2

oxygen (although the oxygen was taken away during the course of the deposition) and Mr. Reingold was obviously in weakened condition. His voice was faint, he was having trouble hearing, and he was on medication for his heart. Reingold's counsel questioned his client for approximately one hour, of which considerable time was spent taking breaks or discussing legal issues off the record. After this time, he was tendered to Swiftships' attorney for cross-examination. Counsel for Swiftships questioned Mr. Reingold for approximately one hour--much of which was also spent on breaks for rest or legal discussion--at which time Reingold's attorney terminated the deposition because Mr. Reingold was simply unable to continue. Counsel for Swiftships expressed a willingness to continue the deposition at a later point that day or on the following day. The deposition was never continued. Mr. Reingold died on August 3, 1998.

Swiftships filed a motion to exclude the video deposition from the trial. Swiftships argued that it would suffer prejudice if the deposition of the severely ill Mr. Reingold was exhibited to the jury. Secondarily, they argued that they were unable to complete their cross-examination. In addition, they argued that the video deposition was irrelevant and repetitive in light of the first deposition.

The district court, without providing any explanation, granted the motion to exclude the video deposition from the trial. The successors to Mr. Reingold's cause of action filed this mandamus

action seeking to overturn that order. In addition, they seek to have certain discovery rulings overturned.

We begin from the bedrock premise that a party ordinarily has the right to testify at his civil trial whether or not he has given an earlier deposition. In addition, Federal Rule of Civil Procedure 32, consistent with this general principle, gives a party the right to introduce his deposition if he meets one of several conditions. One of these conditions is the death of the party who had given the deposition. Fed. R. Civ. P. 32(a)(3)(A). Under Rule 32, a strong presumption persists that the deposition of any witness, including a party, who is dead at the time of trial can be introduced. To successfully object to the admission of the deposition of a party under these circumstances requires an exceptional showing. The fact that a party is ill and on the verge of death at the time of trial is no reason to exclude his trial testimony. It provides no better justification for excluding the deceased Plaintiff's deposition taken to replace such trial testimony. To exclude the deposition because the opponent did not have an adequate chance to cross-examine the witness may, in certain circumstances, provide a legitimate basis for excluding the deposition. However, the party opposing the introduction of the deposition must make a particularized showing of prejudice by, for example, advising the court what specific questions counsel would have asked the witness in a crucial area of the case. Counsel for

4

Swiftships made no such showing.[1]  Swiftships' concerns may be somewhat alleviated by submitting all or part of Mr. Reingold's initial deposition as permitted by Rule 32(a)(2).

We conclude that the district court committed a clear abuse of discretion in excluding Mr. Reingold's deposition.  Accordingly, the application for writ of mandamus is GRANTED and the district court is directed to admit Mr. Reingold's video deposition, subject of course to the right of counsel to make specific evidentiary objections to particular portions of the deposition.

We deny the petition for mandamus on the discovery rulings of the district court.

---

[1]  The only statement of Swiftships that addresses this area states: "There were numerous matters that Swiftships intended to bring out on cross-examination, but which it could not.  Swiftships did not have the opportunity to let the jury view Mr. Reingold answering its questions that did address credibility, because plaintiff's counsel unilaterally terminated the deposition."

Furthermore, Swiftships repeatedly stresses the completeness of the first deposition, during which they were able to conduct a substantial examination of Mr. Reingold.